Raymond v City of New York (2025 NY Slip Op 00120)

Raymond v City of New York

2025 NY Slip Op 00120

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-08765
2023-06055
 (Index No. 705054/22)

[*1]Gerald Raymond, et al., appellants, 
v
City of New York, et al., respondents.

Pressley, PLLC, Brooklyn, NY (Melissa Pressley of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Susan Paulson of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered September 21, 2022, and (2) an order of the same court dated May 26, 2023. The order entered September 21, 2022, insofar as appealed from, granted that branch of the defendants' motion which was to vacate so much of a clerk's judgment of the same court entered May 6, 2022, as awarded the plaintiffs interest in the sum of $6,539.18 and costs and disbursements in the sum of $380. The order dated May 26, 2023, insofar as appealed from, granted that branch of the defendants' motion which was to vacate so much of a clerk's judgment of the same court entered March 29, 2023, as awarded the plaintiffs interest in the sum of $5,417.26 and costs and disbursements in the sum of $380.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In February 2014, the plaintiffs commenced this action against the City of New York, a firefighter, and a police officer, alleging, among other things, that the plaintiff Gerald Raymond sustained personal injuries when he was attacked by a group of firefighters in front of his wife, the plaintiff Yolanda Dowe-Raymond. In September 2021, the parties agreed to settle the matter for the amount of $65,000 for each plaintiff. The settlement agreement required the plaintiffs to provide, as a condition precedent to payment pursuant to CPLR 5003-a, certain "City of New York documents," including "a General Release to the City, its past/present officers, managers, administrators, employees, agents, representatives, and all other individually named defendants and entities represented and/or indemnified by the City."
In May 2022, the plaintiffs filed a judgment against the defendants for the settlement amount, plus interest, costs, and disbursements, pursuant to CPLR 5003-a(e). The plaintiffs' attorney asserted that she had complied with the requirements of CPLR 5003-a by tendering executed releases and a stipulation of discontinuance on October 14, 2021. In an order entered September 21, 2022, the Supreme Court granted the defendants' motion to vacate the judgment. The court determined that the plaintiffs provided deficient settlement documents, since, among other things, [*2]they failed to tender the City's general release with the required language. It directed the plaintiffs to provide the City with corrected documents.
Subsequently, the plaintiffs' attorney mailed to the City's attorney revised general releases. The City's attorney rejected the releases on the ground that the plaintiffs did not complete the City's general release and failed to include the required language. In March 2023, the plaintiffs filed a judgment against the defendants pursuant to CPLR 5003-a(e). In an order dated May 26, 2023, the Supreme Court granted the defendants' motion to vacate the judgment. It is undisputed that the plaintiffs have since received the settlement amount. The plaintiffs appeal from so much of the order entered September 21, 2022, and so much of the order dated May 26, 2023, as granted those branches of the defendants' respective motions which were to vacate so much of the respective judgments as awarded interest, costs, and disbursements.
"The purpose of CPLR 5003-a is to encourage the prompt payment of damages in settled actions" (Kumar v Demasi, 170 AD3d 986, 988). Under CPLR 5003-a(b), when "the settling defendant is a municipality or any subdivision thereof . . . , it shall pay all sums due to any settling plaintiff within ninety days of tender, by the settling plaintiff to it, of duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff." If the settling defendant fails to pay the sum due under the settlement agreement within 90 days of tender of the required documents, the plaintiff may, without further notice, pursue the entry of a judgment in the amount of the settlement, plus interest, costs, and disbursements (see id. § 5003-a[e]; Pitt v New York City Hous. Auth., 106 AD3d 797, 798). "A judgment predicated upon a defendant's failure to make timely payment may not be entered where the plaintiff tenders a defective general release or a defective stipulation of discontinuance following the settlement" (Kumar v Demasi, 170 AD3d at 988; see Pitt v New York City Hous. Auth., 106 AD3d at 798).
Here, the general releases provided by the plaintiffs were defective. Therefore, the releases were insufficient to trigger the 90-day period within which the defendants were required to make payment of the settlement amount, and, accordingly, the plaintiffs were not entitled to seek a judgment including interest, costs, and disbursements based on nonpayment under CPLR 5003-a(e) (see Pitt v New York City Hous. Auth., 106 AD3d at 798).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court